*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2019-161

FEBRUARY TERM, 2020

State of Vermont v. James Bartshe\*

}
}
}
}
}
}

APPEALED FROM:

Superior Court, Rutland Unit,
Criminal Division

DOCKET NO. 1577-11-15 Rdcr

Trial Judge: Thomas A. Zonay,
Michael S. Kupersmith (Ret.),
Specially Assigned

In the above-entitled cause, the Clerk will enter:

Defendant appeals his conviction of lewd and lascivious conduct with a child in violation of 13 V.S.A. § 2602. On appeal, defendant argues that he was denied his right to a speedy trial and the court abused its discretion in failing to address his motion for a new trial. We affirm.

The record reveals the following facts. In November 2015, defendant was charged with a single count of lewd and lascivious conduct with a child. Defendant is deaf and requires an American Sign Language (ASL) interpreter to participate in court proceedings. The affidavit in support of the charge stated that defendant's minor son alleged that defendant had been sexually abusing him for several years and the charge was based on a particular incident on September 3, 2015. Bail was imposed and defendant was incarcerated due to an inability to meet the bail requirement.

Defendant filed a motion to dismiss for violation of his right to a speedy trial in December 2017. In January 2018, after a hearing, the court denied the motion. The court explained that some delay was caused by the fact that this was a complex case set for a four-day trial and requiring multiple interpreters. The court concluded, however, that the primary cause of delay was due to actions attributable to defendant, including agreeing to pretrial scheduling orders, filing numerous motions, including for new counsel, and the unavailability of defendant's counsel for the proposed trial dates. The court concluded that the delays due to the absence of an interpreter for defendant were a neutral reason that did not weigh heavily against the State. As to defendant's efforts to assert his right to a speedy trial, the court found that although defendant indicated his desire for the trial to commence, it was not until October 2017 that defendant filed a motion demanding a speedy trial. On the final factor, the actual prejudice to defendant, the court attributed some weight in favor of defendant given the period of pretrial incarceration but noted that defendant had not made a particularized showing of prejudice. The court concluded that the length of delay was not so significant as to warrant the severe remedy of dismissal given that the reasons for the delay

were primarily caused by defendant. Therefore, the court concluded that on balance defendant had not shown a violation of his right to a speedy trial under the U.S. or Vermont Constitutions.[1]

A jury trial was held in March 2018 and the jury found defendant guilty. Defendant was subsequently sentenced to ten-to-fifteen years.

On appeal, defendant argues that he was denied his constitutional right to a speedy trial. The right to a speedy trial is guaranteed by both the United States and Vermont Constitutions. See U.S. Const. amend. VI (providing that accused in criminal trial "shall enjoy the right to a speedy and public trial"); Vt. Const. ch. I, arts. 4, 10 (stating that every person entitled to justice "promptly and without delay" and criminal defendants have right to "speedy public trial"). "In reviewing a decision which determines whether a defendant's constitutional right to a speedy trial has been violated, the trial court's legal conclusions are reviewed de novo and its findings of fact are reviewed under a clearly erroneous standard." State v. Turner, 2013 VT 26, ¶ 6, 193 Vt. 474. To determine whether there has been a violation of the right to a speedy trial, a balancing test is used that weighs the conduct of the State and the defendant in light of "(1) the length of delay; (2) the reason for delay; (3) the extent to which the defendant asserted the speedy trial right; and (4) any prejudice to the defendant from the delay." Id. ¶ 7.

We review the facts pertaining to the motion and then address each factor in turn. In its order denying defendant's motion for a speedy trial, the court found the following. Defendant was appointed a public defender at arraignment. In January 2016, the parties filed a felony stipulation, setting a trial-ready date of July 15, 2016. In February 2016, defendant filed a pro se motion alleging ineffective assistance of counsel, which was denied. In May 2016, defendant filed another motion for new counsel and to recuse the superior judge.[2] Following a hearing in November 2016, defendant was appointed new counsel.

In December 2016, the parties filed a new stipulation that set a trial-ready date of April 1, 2017. Pretrial hearings were held in both May 2017 and July 2017 but an ASL interpreter was not

---

[1] The trial court concluded that the analysis under the Vermont Constitution did not differ from that applied to a claim brought under the United States Constitution. On appeal, defendant makes a general claim that the Vermont Constitution places a greater burden on the government than the Sixth Amendment. Defendant further asserts in his reply brief that because the State did not respond to this argument, the State has conceded the point. This Court has previously analyzed whether the right to a speedy trial under the Vermont Constitution provides a higher standard than that provided by the U.S. Constitution and concluded that the factors set forth in Barker v. Wingo, 407 U.S. 514 (1972), are sufficient for both. See State v. Reynolds, 2014 VT 16, ¶ 18, 196 Vt. 113 (explaining that "the Barker factors and the case law that has been developed under the Sixth Amendment continue to provide an appropriate standard by which to measure the timeliness of trials under both the U.S. and Vermont Constitutions"). Defendant's general claim on appeal is not raised with enough specificity to warrant engaging in a separate state constitutional analysis. See State v. Raymond, 148 Vt. 617, 619 n.1 (1987) (declining to apply state constitutional analysis where party had not provided "any rationale as to how [the Court's] analysis of this constitutional claim should differ under the Vermont Constitution in comparison with the federal constitution"). Moreover, the fact that the State did not respond to this argument does not automatically result in a ruling in defendant's favor. It is this Court's responsibility to determine the scope of the Vermont Constitution.

[2] The court referred the recusal motion to the Chief Superior Judge, who denied it.

present at either hearing and the matter was continued each time. To ensure that the case would move forward, the court issued an order indicating that the matter would be set for the August pretrial and jury draw, that the trial was anticipated to last three days, and that interpreters were required. The court clerk attempted to schedule the matter for the August pretrial and jury draw but defendant's attorney was not available.

In October 2017, defendant filed a pro se motion requesting a speedy trial or dismissal. The court denied the motion, explaining that because defendant was represented, any requests should come through counsel. Given the issues raised, the court indicated that it would schedule a status conference. At the status conference in November 2017, the parties indicated that the case required a four-day trial, and the case was set for jury draw in January 2018. Defendant filed a motion, through counsel, to dismiss for lack of a speedy trial. In December 2017, the court issued an order indicating that the case could not be set for January because defendant's counsel had a scheduling conflict. Following a hearing, the court denied the speedy-trial motion in January 2018. A jury trial was held in March 2018.

On appeal, defendant argues that an analysis of the factors in this case weigh in favor of dismissing the case. Defendant claims that the length of delay was extreme and weighs in his favor. As to the reason for the delay, defendant argues that this weighs against the State because the majority of the delay was due to the court's lack of diligence in scheduling hearings and obtaining an interpreter. Defendant also argues that the third factor weighs in his favor because he made repeated attempts to have the case set for trial. Finally, defendant asserts that he was prejudiced by the delay because it impacted witnesses' recollections and he lost a witness who would have testified that the minor victim reported to her that he had lied to police.

We conclude that defendant's right to a speedy trial was not violated. We begin with the length of the delay. This factor "serves a dual role." State v. Vargas, 2009 VT 31, ¶ 12, 185 Vt. 629 (mem.) (quotation omitted). Review of the additional factors is triggered if the length of the delay is presumptively prejudicial. Id. The parties in this case agree that the delay in defendant's case from November 2015 to March 2018 was presumptively prejudicial. Therefore, review of the additional factors is required.

Under the second factor, the reason for the delay, "different weights should be assigned to different reasons." Barker v. Wingo, 407 U.S. 514, 531 (1972). Although the State's "deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government," there are more "more neutral reason[s] such as negligence or overcrowded courts" that are weighed less heavily. Id. Delays caused by a defendant's attorney are "properly attributed to the defendant, even where counsel is assigned." Vargas, 2009 VT 31, ¶ 14 (quotation omitted).

The causes of the delays in defendant's case were varied. In sum, there were no delays caused by the State's deliberate action and the majority of the delay was from causes attributable to defendant, such as his request for a new attorney, his attorney's unavailability, and his motion to recuse the court. The record does not support defendant's assertion that most of the delay was caused by the court's failure to secure an interpreter. From November 2015 to April 2017, the delays were either stipulated to by defendant or caused by defendant's request for new counsel. The failure to obtain an interpreter caused delays from May 2017 to August 2017. The court attempted to set the case for a jury draw in August 2017 and January 2018, but defendant's attorney was not available. The delays resulting from the need to address defendant's motion for a new attorney and defense counsel's scheduling conflicts are not weighed against the State. See Turner, 2013 VT 26, ¶ 10 (holding that delay resulting from defendant's request for new counsel was not

3

attributed to State); State v. Johnson, 795 S.E.2d 126, 131 (N.C. Ct. App. 2016) ("Delay caused by Defendant's indecision about counsel, counsel's lapse in communicating with Defendant, and counsel's scheduling conflicts should not be weighed against the State."). The delays related to securing interpreters and scheduling the trial are neutral factors and "weigh only lightly in favor a speedy-trial claimant." Vargas, 2009 VT 31, ¶ 14; see State v. Reynolds, 2014 VT 16, ¶ 23, 196 Vt. 113 (holding that time to find ASL interpreters was neutral factor). Overall, approximately twenty-two months of the twenty-nine-month delay is attributable to defendant. The remaining delays due to the failure to secure an interpreter and routine delays in scheduling a four-day trial are neutral factors that weigh only slightly against the State. Therefore, we conclude in sum that this factor does not weigh in favor of dismissal.

The third factor considers the defendant's aggressiveness in asserting his right. Here, defendant did not make a formal assertion of his right to a speedy trial until almost two years after his arraignment. In October 2017, defendant filed a pro se document asking that the trial commence immediately and without delay. Defendant, through counsel, filed a motion to dismiss for lack of a speedy trial in December 2017, which the court resolved in January 2018. The court and the parties promptly took steps to bring the case to trial in a timely manner. This does not present a case where "repeated calls for a trial went unanswered." Reynolds, 2014 VT 16, ¶ 24. Therefore, it also does not weigh in favor of dismissal.

The final factor, the prejudice to defendant, is measured in light of the defendant's interests "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." Barker, 407 U.S. at 531. On appeal, defendant argues generally that the delay impacted witness recollection. Certainly, there is some prejudice to defendant due to his pretrial incarceration, but beyond that he has made only general assertions of prejudice that are insufficient to warrant dismissal.

On appeal, defendant also alleges that the delay caused him to lose the testimony of a defense witness. This claim is not properly preserved for appeal. In his October 2017 pro se motion, defendant raised the lost witness in support of his claim that the delay had caused him prejudice. The court denied that motion on the ground that defendant was represented by counsel but had filed the motion pro se. The court indicated that the denial did not preclude counsel from filing any appropriate motion. Counsel then filed a speedy-trial motion but did not assert the lost-witness claim in support of the prejudice argument. Consequently, the matter was not presented to the trial court and was not preserved for appeal. See State v. Sole, 2009 VT 24, ¶ 15, 185 Vt. 504 (explaining that because trial court did not have opportunity to address argument it was not preserved for appeal).

Even if we considered this issue, we would conclude that defendant's assertion about the lost witness and the prospective testimony was too vague to demonstrate prejudice. Defendant had not disclosed that this person would be a witness for the defense. Moreover, defendant made only a general assertion about her possible testimony. This vague and unsupported claim was not enough to demonstrate prejudice. See Turner, 2013 VT 26, ¶ 13 (explaining that although "death or disappearance of a witness during the delay for trial may severely hinder a defendant's case, a vague and unsupported claim that the delay caused the loss of favorable statements will not suffice to show prejudice" (quotation and citation omitted)).

In sum, we conclude that the factors do not weigh in favor of dismissal and that defendant's constitutional right to a speedy trial was not violated.

Defendant's second argument is that the court abused its discretion in failing to rule on a motion for a new trial. The facts related to this issue are as follows. After the verdict, defendant filed two pro se motions—a "Motion to Dismiss Ineffective Assistance" and a "Motion to Vacate Judgment and Declare Mistrial." Defendant was represented by counsel at the time. The court ordered both parties (the State and defense counsel) to respond to defendant's request for new counsel and eventually entered an order appointing new counsel, without addressing the merits of the ineffectiveness claim, and indicating that post-trial motions could be filed in fourteen days. On June 5, 2018, defendant's new counsel filed a document entitled "Notice of Defendant's Position," which asserted that by granting defendant's motion for new counsel the court effectively also required that a new trial be set. On June 6, 2018, the court responded by indicating that the court did not generally respond to pro se motions and had responded only to defendant's motion for new counsel. The court indicated that if defendant's new counsel wished to make any post-trial motions, then he should do so by the date set. On June 7, defense counsel filed the same "Notice of Defendant's Position" that had been filed two days earlier. The court did not respond to this filing.

On appeal, defendant claims that the court abused its discretion by failing to rule on the merits of his motion for a new trial. We conclude that there was no error. A criminal defendant does not have a right to both self-representation and assistance of counsel and therefore the court has discretion to refuse to consider a pro se motion filed by a defendant who is represented. See State v. Crannell, 170 Vt. 387, 407 (2000), overruled on other grounds by State v. Brillon, 2008 VT 35, ¶¶ 41-42, 183 Vt. 475. The court made it clear that it was not considering the substance of defendant's pro se motion for a new trial and a new trial motion was not filed by counsel. Moreover, the court acted within its discretion in not treating as motions the items filed by counsel notifying the court of defendant's position. The court responded to the June 5 filing, indicating that it did not intend to respond and directing counsel to file any motions. The court acted within its discretion in failing to construe the June 7 submission as a motion given that it had the same content as the June 5 filing the court had already responded to and it not was neither captioned as a motion nor did it seek any particular relief.

Affirmed.

BY THE COURT:

_____
Beth Robinson, Associate Justice


_____
Harold E. Eaton, Jr., Associate Justice


_____
Karen R. Carroll, Associate Justice

5